IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA McCRORY,            )
        Plaintiff,          )
                            )
    v.                      )   Civil Action No. 07-0039
                            )
STATE FARM MUTUAL           )
AUTOMOBILE INSURANCE COMPANY, )
        Defendant.          )

MEMORANDUM and ORDER

Gary L. Lancaster,                              March 21, 2007
District Judge.

This is an action in breach of an insurance contract. Plaintiff also alleges violation of Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. Ann. § 8371. Plaintiff claims that defendant refused to pay her uninsured motorist claim in bad faith and for no legal or factual reason. Plaintiff seeks attorneys fees, costs, interest, and punitive damages under the Pennsylvania statute. She also seeks interest, costs, and attorneys fees under the breach of contract claim.

This case was originally filed in the Court of Common Pleas of Allegheny County, Pennsylvania. Defendant filed a timely notice of removal and, soon thereafter, a motion to dismiss [doc. no. 3]. Defendant seeks dismissal of plaintiff's breach of contract count. It also asks that paragraph 106 of the complaint be stricken because it refers to a breach of fiduciary duty, which it alleges does not apply in the insurance context.

Plaintiff contends that she has adequately pled a breach of contract claim. Plaintiff also argues that there is no need to strike paragraph 106's reference to breach of fiduciary duty because she used the phrase, just as the Pennsylvania Supreme Court has used the phrase, to describe the insurer-insured relationship.

For the reasons set forth below, defendant's motion will be denied.

I.    BACKGROUND

Plaintiff was a passenger in a car involved in an accident in 2002. Plaintiff suffered injuries during the accident. Plaintiff sought, and received, $200,000 in payments under insurance policies held by both drivers involved in the accident. Plaintiff also held an automobile insurance policy from defendant, which included uninsured motorist coverage of $100,000. Plaintiff sought to collect on this coverage. Defendant refused to make any payments, or to tender any offer of settlement.

An arbitration panel awarded plaintiff the full $100,000 limit under the policy. Following the arbitration award, defendant paid plaintiff $100,000 in uninsured motorist benefits. Plaintiff then filed this suit alleging that defendant acted in

bad faith in the handling of her claim in violation of Pennsylvania's bad faith statute and in breach of the insurance contract.

Defendant seeks dismissal of plaintiff's breach of contract count. It contends that the breach of contract claim is foreclosed because defendant eventually paid the uninsured motorist benefits under the policy pursuant to the arbitration award. Defendant also contends that the damages sought in this count, i.e., attorneys fees, costs, and interest, are not available under the insurance contract.

Finally, defendant asks that paragraph 106 of the complaint be stricken. Paragraph 106 states that "State Farm, in the performance of contracts of insurance, owed to Plaintiff a fiduciary duty to act in good faith and to use due care in representing Plaintiff's interests." Defendant contends that this paragraph should be removed from the complaint because an insurer has no fiduciary duty to its insured in Pennsylvania.

Plaintiff argues that its breach of contract claim is legally cognizable under Pennsylvania law, and has been adequately pled. Plaintiff also claims that paragraph 106 need not be stricken because the phrase fiduciary duty is used in that paragraph only to further describe the duty of good faith and

3

fair dealing, just as the Pennsylvania Supreme Court has used the phrase.

II.  STANDARD OF REVIEW

For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), this court must accept as true all well-pleaded factual allegations in the complaint and construe the complaint in the light most favorable to the plaintiff in order to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988). The proper inquiry is "whether relief could be granted...'under any set of facts that could be proved consistent with the allegations'". Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 71 (3d Cir. 1994).

III.  DISCUSSION

Based on this legal standard, the facts pled in the complaint, and the relevant case law, we cannot say at this point in the proceedings that there is no possibility that plaintiff will be entitled to relief against defendant. The Pennsylvania Supreme Court has found that breach of contract actions stemming

from bad faith handling of insurance claims are viable, even when combined with a claim under Pennsylvania's bad faith statute. <u>Birth Center v. St. Paul Companies, Inc.</u>, 567 Pa. 386, 390 (2001). The Pennsylvania Supreme Court also recognized that compensatory damages, in order to return the parties to the position that they would have been in but for the breach, are appropriate in such cases. <u>Id</u>. at 400.

While attorneys fees and costs would not qualify as compensatory damages under the American Rule, we cannot say that plaintiff will be unable to prove any type of compensatory damages in this case. <u>Mosaica Academy Charter School v. Com. Dept. of Educ.</u>, 572 Pa. 191, 206-07 (Pa. 2002). Regardless, plaintiff will be able to pursue her claims for attorneys fees and costs under the bad faith statute claim, making discovery of these matters relevant in any event. As such, we will not dismiss plaintiff's breach of contract claim at this time. Should plaintiff be unable to provide evidence of legally cognizable damages, the court can address such evidentiary deficiencies on a properly supported motion for summary judgment.

We also will not strike paragraph 106 from the complaint. The Pennsylvania Supreme Court has used the phrase fiduciary duty to refer to the insurer-insured relationship. <u>Birth Center</u>, 567 Pa. at 390. Plaintiff has not asserted an independent claim for

a breach of fiduciary duty.  She has merely described the relationship with those words, as has the Pennsylvania Supreme Court.  We see no reason to strike the allegation from the complaint.

Moreover, as a technical matter, defendant has not presented any procedural device under which it contends that the allegation must be stricken.  Defendant's disagreement with the factual or legal basis of a statement made in plaintiff's complaint is not a ground for removing an allegation from the complaint.  Defendant is free to deny the allegations in paragraph 106 when it answers the complaint, but defendant has provided us with no basis on which to strike the paragraph in its entirety simply because it disagrees with its contents.

IV.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss Count II of the complaint is denied.  We will not strike paragraph 106 from the complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA McCRORY,<br>      Plaintiff,<br><br>    v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE COMPANY,<br>      Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 07-0039<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 21 day of March, 2007, IT IS HEREBY ORDERED that defendant's motion to dismiss [doc. no. 3] is DENIED, without prejudice. Defendant's request that we strike paragraph 106 from the complaint is also DENIED.

BY THE COURT,

_____, J.

cc:   All Counsel of Record

7