## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA McCRORY,　　　　　　　　　　　2:07-cv-00039

　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　**JURY TRIAL DEMANDED**

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

　　　　　Defendant.

### CONFIDENTIALITY AGREEMENT AND ORDER OF COURT

WHEREAS, Plaintiff, Melissa McCrory, has instituted a lawsuit against Defendant relative to Defendant's handling of her underinsured motorist claim;

WHEREAS, Plaintiff is desirous of obtaining certain material in the possession and control of Defendant;

WHEREAS, the parties agree that for the purposes of this litigation only that Plaintiff's right to certain limited documents is subject to Defendant's rights to require reasonable confidentiality and propriety restrictions as agreed upon by the parties or by order of court;

NOW THEREFORE, with the foregoing being incorporated by reference, it is HEREBY AGREED:

1.　　　That certain proprietary and confidential documents and information produced in the action filed at No. 2:07-cv-00039 in the United States District Court for the Western District of Pennsylvania by Defendant may be designated "Confidential."

:37526.1

2.   Such documents designated "Confidential" shall remain confidential without requiring Defendant to provide proof of the veracity of this contention.

3.   Nothing in this agreement shall prevent either party from submitting any document covered by this agreement in this legal proceeding as either an exhibit to a document filed of record with the Court or presented in an evidentiary hearing; however, such documents must be filed under seal unless agreed upon by the parties.

4.   Nothing in this agreement shall prevent either party from submitting any document covered by this agreement to an expert or potential expert retained by either party for review in this litigation as long as the expert signs this agreement and acknowledges that he/she shall be bound by its terms.

5.   Documents governed by this agreement as of this date will be specifically marked as being "Confidential." Any documents, not marked as such shall not be subject to or controlled by this agreement.

6.   Plaintiff and plaintiff's counsel herewith agree to refrain from disseminating such documents marked "confidential" and/or the information contained therein to any lawyer, competitor or any other insurer absent any valid Court Order and/or subpoena compelling the release or production of such documents.

7.   Plaintiff and plaintiff's counsel herewith agree to refrain from disseminating the fact that Defendant has produced such confidential documents and information in this litigation.

8.   This agreement may be executed in counterpart and the terms of this agreement do not, in any way, waiver objections parties might have to such documents being offered at any such evidentiary proceeding.

9. Within thirty (30) days after conclusion of all aspects of this action, whether by settlement, judgment, or otherwise, all documents labeled "Confidential," including any copies thereof (other than exhibits of record), shall be returned to the party which produced such documents.

10. Agreeing to be bound by the above terms, counsel for the parties with full authority from their respective clients sign this Confidentiality Agreement below:

| GOODRICH & GOODRICH, PC | ROBB LEONARD MULVIHILL |
|---|---|
| By: /s/ Joshua P. Geist<br>Joshua P. Geist, Esquire<br>Pa. I.D. # 85745<br>Counsel for Plaintiff | By: /s/ Daniel L. Rivetti<br>Daniel L. Rivetti<br>Pa. I.D. # 73015<br>Counsel for Defendant |

AND NOW, to wit, this 30TH day of July, 2007, it is so ORDERED.

BY THE COURT: