IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELISSA McCRORY,        )
        Plaintiff,      )
                        )
    v.                  )   Civil Action No. 07-0039
                        )
STATE FARM MUTUAL       )
AUTOMOBILE INSURANCE COMPANY, )
        Defendant.      )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                          April 4, 2008

This is a bad faith insurance coverage case. Plaintiff, Melissa McCrory, alleges that defendant, State Farm Mutual Automobile Insurance Company, acted in bad faith in denying her Underinsured Motorist Claim. McCrory contends that she is entitled to interest, costs, and fees, as well as unspecified punitive damages under Pennsylvania's insurer bad faith statute and for breach of the insurance contract. State Farm has filed a motion for partial summary judgment arguing that McCrory cannot prove, by clear and convincing evidence, that State Farm acted unreasonably in the handling of her claim. For the reasons that follow, the motion will be denied.

I.  FACTUAL BACKGROUND

McCrory was a passenger in a car that was involved in an accident in January of 2002. McCrory suffered injuries during the accident. She sought, and received, $150,000 in payments under insurance policies held by both drivers involved in the accident. McCrory also filed a claim against her own insurance company, State Farm, to collect $100,000 of underinsured motorist (UIM) coverage. State Farm refused to make any payments under that policy because it had determined that McCrory's claim was worth less than $200,000, which happened to be the dollar amount above which State Farm's UIM coverage would be triggered.

More than three years after State Farm had been notified of McCrory's UIM claim, an arbitration panel awarded McCrory $650,000 to compensate her for her injuries and future medical costs. Following the arbitration award, State Farm paid McCrory $100,000 in underinsured motorist benefits. McCrory then filed this suit alleging that defendant acted in bad faith in the handling of her claim in violation of Pennsylvania's bad faith statute and in breach of the insurance contract.

II. Legal Authority

A. Summary Judgment

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party does not bear the burden of persuasion at trial, as here, its burden "may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has filed a properly supported motion, the burden shifts to the nonmoving party to "set forth specific facts showing that there

3

is a genuine issue for trial." Fed.R.Civ.P. 56(e).

A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, is a genuine issue that will preclude the entry of summary judgment. <u>Anderson</u>, 477 U.S. at 248. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. <u>Id</u>. at 248-49. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citations omitted). In sum, the inquiry under a Rule 56 motion is whether the evidence is so one-sided that the movant must prevail as a matter of law because no reasonable jury could return a verdict in the non-movant's favor. <u>Anderson</u>, 477 U.S. at 250-52.

B. <u>Bad Faith Claim</u>

McCrory has brought a bad faith claim against her insurer, State Farm. "[T]o recover under a claim for bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant

4

knew or recklessly disregarded its lack of reasonable basis in denying the claim." Terletsky v. Prudential Property & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. 1994); see also Klinger v. State Farm Mutual Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997). McCrory must establish bad faith by clear and convincing evidence at trial. Polselli v. Nationwide Mut. Fire Ins. Co., 23 F.3d 747, 750 (3d Cir. 1994). Because McCrory's burden at trial is higher than the preponderance of the evidence, McCrory's burden in opposing summary judgment is also higher. Anderson, 477 U.S. at 254 ("... in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden.").

### III. DISCUSSION

With these standards in mind, the court has evaluated State Farm's motion for partial summary judgment, and concludes that this matter must be submitted to a jury for resolution. Although a close case, based on the pleadings and evidence of record the court believes that a reasonable juror could determine, under the clear and convincing evidence standard, that State Farm did not have a reasonable basis for denying McCrory's claim and knew or recklessly disregarded its lack of a reasonable basis in denying the claim.

Although we may not agree that every piece of evidence on which McCrory relies proves State Farm's bad faith, there is sufficient evidence in the record to allow a reasonable juror to find that McCrory has met even her heightened burden of proof. With no intention to be exhaustive, we note that State Farm's refusal to assign a monetary value to McCrory's claim because it did not know the amount of the first level of UIM coverage could be evidence of bad faith. While this missing piece of information may have affected State Farm's ultimate <u>exposure</u> on the claim, it had no effect on the monetary value of McCrory's claim, or on whether McCrory's alleged injuries and losses were supported by the evidence.

In addition, only one day after writing an extensive memorandum to file listing claimed medical costs of more than $250,000 and lost earnings of nearly $600,000, and recognizing that McCrory "did sustain a concussion with some post-concussion syndrome," the claim representative wrote a letter to McCrory's counsel stating that "it does not appear the claim has a value in excess of [$200,000]." At the time she wrote that letter, the claim representative had not yet assigned any monetary value to McCrory's claim. Nor did she have the Independent Medical Examination report from Dr. Nickell -- one of two key pieces of evidence State Farm relied on to ultimately deny McCrory's claim.

6

Although State Farm very well could have questioned what injuries were caused by McCrory's work as a waitress, as opposed to what injuries were caused by the car accident, and/or challenged McCrory's alleged lost career prospects given her poor academic performance before the accident in that memorandum or letter, it did not. It simply made a blanket, conclusory, and convenient statement that the claim was worth less than $200,000.

A reasonable juror could conclude that these facts prove that State Farm's goal was not to objectively and fairly determine the validity and value McCrory's claim, but to ensure that whatever merit it had, her claim was valued below its $200,000 coverage trigger. This evidence, as well as other evidence, could lead a reasonable juror to find that State Farm acted in bad faith. A reasonable juror could also find, based on this record, that State Farm did not act in bad faith. It is for this reason that this matter must be submitted to a jury for resolution.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA McCRORY,<br>    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE COMPANY,<br>    Defendant. | Civil Action No. 07-0039 |

## ORDER

AND NOW, this 4th day of April, 2008, upon consideration of State Farm's motion for partial summary judgment [doc. no. 25], IT IS HEREBY ORDERED that State Farm's motion is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record

8